IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| TYANNA and JEFF CANNATA individually and on behalf of all persons similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 06 C 2196 ) |
| FOREST PRESERVE DISTRICT of DU PAGE COUNTY, a municipal corporation, and BFI WASTE SYSTEMS of NORTH AMERICA, INC., a Delaware corporation, Individually and as successor by Merger to E & E Hauling Inc. and Browning-Ferris Industries of Illinois, Inc. | ) Judge William J. Hibbler ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Tyanna and Jeff Cannata ("Plaintiffs") bring this claim individually and on behalf of similarly situated persons, against the Forest Preserve District of Du Page County ("Forest Preserve"), a municipal corporation, and BFI Waste Systems of North America, Inc. (individually and as successor by merger to both E & E Hauling, Inc. and Browning-Ferris Industries of Illinois, Inc.)("BFI"), pursuant to the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 et seq. and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 et seq. Plaintiffs also allege pendent state claims of negligence, private nuisance, trespass, and willful and wanton misconduct.

Plaintiffs now move this Court to certify this case as a class action pursuant to *Fed. R. Civ. Pro. 23*. For the following reasons, this Court GRANTS Plaintiffs' Motion for Class Certification.

## FACTUAL BACKGROUND

Plaintiffs allege that the Mallard Lake Landfill ("Landfill") has contaminated area residents' drinking water with various pollutants. The Landfill, located in or near Hanover Park, Illinois, encompasses 534 acres of land of which 250 acres are alleged to contain an assortment of waste products, including vinyl chloride and cis 1, 2 dichloroethene ("cis 1,2"). At all relevant times, the Forest Preserve has owned the land on which the Landfill is located. BFI operates the Landfill as a successor by merger to E & E Hauling Inc. and Browing-Ferris Industries of Illinois, Inc.

Plaintiffs maintain that BFI and Forest Park (collectively "Defendants") mishandled the storage, treatment, handling and transportation of hazardous wastes, which contributed to contamination of the Prospective class members' properties. Specifically, Plaintiffs allege that Defendant's mishandling of hazardous waste products caused contamination of an aquifer which supplies Plaintiffs' domestic water. Plaintiffs seek to enjoin Defendants from further contaminating the prospective class members' properties; reimbursement for costs they have or will incur as a result of Defendants' actions; and request compensatory and punitive damages for the allegedly damaged properties.

## II. ANALYSIS

Plaintiffs move this Court to certify a class defined as:

> all persons and non-governmental entities that own
> property or reside on property located on the following

streets in Wayne Township, DuPage County, Illinois:
Judith Lane; Riviera Court; Diversey Avenue; Fair Oaks
Road between Diversey to the South and Army Trail
Road to the North; Army Trail Road between Gerber
Road to the West and Fair Oaks Road to the East;
Gerber Road between Army Trail Road to the South
And Jacaranda Road to the North; and Jason Court.

According to Rule 23(a) of the *Federal Rules of Civil Procedure*, a plaintiff seeking class certification must satisfy four elements: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." *Fed. R. Civ. P. 23(a)*; *see Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). If these prerequisites are satisfied, the Court must then determine whether one of the standards of *Rule 23(b)* is met. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 578 (7th Cir. 1993). District courts have broad discretion in determining motions for class certification. *Id.* at 596.

At all times, however, the plaintiff bears the burden of proving that class certification is warranted. *Id.* at 596. In determining whether a party has carried its burden, a court need not accept all of the complaint's allegations as true. *Szabo v. Bridgeport*, 249 F.3d 672, 676 (7th Cir. 2001). Although courts should not determine the merits of the case, courts "should make whatever factual and legal inquiries are necessary under *Rule 23*." *Id.* at 675.

**A. Rule 23(a)**

3

1. **Numerosity**

Plaintiffs seeking class certification must show that the proposed class is "so numerous that the joinder of all members is impracticable." *Fed. R. Civ. P. 23(a)(1)*. While a plaintiff need not give an exact figure for the proposed class, a plaintiff is required to make a good faith estimate to establish the size of the class. *Long v. Thornton Township High Sch. Dist. 205*, 82 F.R.D. 186, 189 (N.D. Ill. 1979).

Here, Plaintiffs' proposed class includes, according to available data, approximately 80 homes and affects at least 150 people. Defendants claim that the class is defined too broadly because the proposed class includes homes that will soon have access to the public water system and will cease to rely on well water; and the proposed class area includes homes where there are no known chemicals in the well water and the owners have not incurred any out-of-pocket expense.

The Court determines that Plaintiffs have satisfied the numerosity requirement. There is no threshold number to prove numerosity but joinder is generally impracticable where the proposed class numbers 40 or more. *Fields v. Maram*, 2004 U.S. Dist. LEXIS 16291 at *11 (N.D. Ill. 2004); *see Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995). Although the litigants dispute the size of the proposed class, the Court finds that Plaintiffs sufficiently demonstrated that the size of the class likely includes in excess of 150 individuals. Therefore, the Court finds that the numerosity requirement is satisfied.

## 2. Commonality

*Rule 23(a)(2)* requires there be questions of law or fact common to the class. *Fed. R. Civ. P. 23(a)(2)*. Commonality is satisfied where there is a "common nucleus of operative fact." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Where the defendant has engaged in some standardized conduct toward the proposed class members, even though there may be some factual variation between the members claims, there is a common nucleus of operative fact. *Id.* at 1017; *Chandler*, 162 F.R.D. at 307.

Plaintiffs claim that Defendants' permitted hazardous wastes to escape from the Landfill and contaminate the proposed class members' properties. Here, the questions of law and fact that are common to the class are whether: 1) Defendants released hazardous substances in the Landfill; 2) Defendants acted reasonably to prevent the release of hazardous substances; and 3) whether the hazardous substances contaminated Plaintiffs' water source. Accordingly, the Court finds that the commonality requirement is satisfied.

## 3. Typicality

Additionally, Plaintiffs must demonstrate that their claims are typical of those of the proposed class. *Fed. R. Civ. P. 23(a)(3)*. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1992). Typicality may be met where "there are factual distinctions between the claims of the named plaintiffs and those of other class members." *Id.* Courts look

at the defendant's conduct and the plaintiff's legal theory to satisfy the Rule 23 typicality requirement. *Rosario*, 963 F.2d at 1018.

Plaintiffs allege that Defendants allowed hazardous waste to contaminate the soil, groundwater and property in the proposed class area. Plaintiffs further contend that the resultant contamination is due to Defendants' standard course of conduct towards the proposed class members and the area in which they live. In contrast, Defendants argue that factual differences between Plaintiffs' property and that of the proposed class defeat the typicality element. Defendants claim that either Plaintiffs or their successors in title contributed to the contamination of the property. Citing *Akzo Coatings, Inc., v. Aigner Corp*, 30 F.3d 761 (1994), Defendants contend that a potentially responsible party ("PRP") cannot maintain a CERCLA 107 action and must rely on CERCLA §113 to recover damages. Moreover, according to Defendants, Plaintiffs could not maintain this litigation under CERCLA § 113 for contribution because Plaintiffs have not be held liable for judgment or settlement.

*Akzo*, however, is inapplicable to the facts of this case. Akzo involved a PRP that acknowledged partial responsibility for contaminating the property in question. *Id.* at 763. Here, Plaintiffs have pled that they "did not pollute the landfill, contaminate their own properties, or otherwise cause any releases of hazardous substances." "A private landowner whose property is contaminated and who did not contribute to that contamination, may also sue" under § 107 of the CERCLA, 42 U.S.C.S. § 9607. *R.S.R. Corp. v. Avanti Dev., Inc.*, 2000 U.S. Dist. LEXIS 14202 at *12 (S.D. Ind. 2000); *see also Rumpke of Indiana v. Cummins Engine Co.*, 107 F.3d 1235, 1241 (7th Cir. 1997)(concluding "that landowners who allege that they did not pollute the site in

6

any way may sue for their direct response costs under § 107(a)"). Plaintiff has sufficiently pled that the claims against Defendants are typical of the proposed class -- that Defendants course of conduct caused contamination of Plaintiffs' property. Therefore, the Court finds that Plaintiffs have satisfied the typicality requirement.

### 4. Adequacy of Representation

To satisfy the *Rule 23(a)(4)* adequacy requirement, a plaintiff must demonstrate that: (1) they do not have antagonistic or conflicting claims with other members of the class; (2) they have sufficient interest in the outcome of the case which ensures vigorous advocacy; and (3) their counsel is competent, experienced, qualified and able to vigorously conduct the litigation. *Chandler*, 162 F.R.D. at 308.

Defendants argue that Plaintiffs are unsuitable as class representatives for two reasons: (1) there are differing levels of contamination and chemicals in the proposed class area and (2) Plaintiffs will soon have a permanent water solution, therefore, their interests conflict with the interests of the proposed class members without a permanent water solution.

The Court recognizes, and Defendant's do not contest, that Plaintiffs' counsel is indeed capable to press this action. As to Defendant's other challenge, the Court finds that the class representatives "possess the same interest and suffered the same injury as the class members." *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L. Ed. 2d 453 (1977), *citing Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L. Ed. 2d 706 (1974). The Cannatas, as class representatives, have a sufficient

stake in the outcome of this action by virtue of having suffered a common injury – contamination of their domestic water supply. Further, although the Cannatas may receive a permanent water solution, it does not necessarily follow that their claims are antagonistic to or in conflict with the claims of other class members. The Court does not find that these factual differences would negate the adequacy of Plaintiffs as class representatives; and, therefore, concludes that Plaintiffs would fairly represent the class.

## B. Rule 23(b)

In addition, the Court must determine whether Plaintiffs satisfy one of the requirements of 23(b). Plaintiffs seek certification of the class pursuant to Federal Rule of Civil Procedure 23(b)(1), (2), or 3.

### 1. *Rule 23(b)(1)*

*Rule 23(b)(1)* is satisfied if "the prosecution of separate actions by or against individual members of the class create a risk of (A) inconsistent or varying adjudications with respect to members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." The Plaintiffs have identified approximately 150 potential plaintiffs. There is a risk of inconsistent or varying adjudications if separate lawsuits were brought against Defendants.

### 2. Rule 23(b)(2)

*Rule 23(b)(2)* provides that a class action may be maintained where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive relief or corresponding declaratory relief with respect to the class as a whole." In the instant case, Plaintiffs seek injunctive relief and a declaration of Defendant's liability, which would equally affect all class members. Accordingly, a *Rule 23(b)(2)* class is appropriate.

### 3. Rule 23(b)(3)

*Rule 23(B)(3)* provides that a class may be certified where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Fed. R. Civ. P. 23(b)(3)*. Plaintiffs contend that the common issues of law and fact between the claims of the proposed class members predominate over the individual issues. This Court agrees. In the instant action, the common issues concerning property damage resulting from the disposition of hazardous substances into the environment will predominate these proceedings.

Further, this Court believes that a class action is the most efficient way for the members of the proposed class to adjudicate their claims because bringing all the proposed class members' claims into one lawsuit will save judicial resources that would be necessary to conduct separate litigation for each class member. In addition, the common issues and facts will facilitate the

ability of the court, in a class action format, to resolve the disputes of all of the proposed class members in a comprehensive and efficient manner. Therefore, this Court concludes that a class action suit would be the superior method to resolve the proposed class members' claims.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs have demonstrated that the proposed class satisfies all of the requirements of Rule 23(a) and the requirements of Rule 23(b) and, therefore, GRANTS the motion for class certification.

IT IS SO ORDERED.

10/11/06
Dated

The Honorable William J. Hibbler
United States District Court