## SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Limited Release (the "Agreement") is entered into by and between Tyanna and Jeff Cannata (the "Cannatas"), on behalf of themselves and the settlement class described below, and Forest Preserve District of DuPage County ("FPDDC") and BFI Waste Systems of North America, LLC, as successor to BFI Waste Systems of North America, Inc. ("BFI"). FPDDC and BFI are, where appropriate, collectively referred to below as the "Settling Defendants."

## RECITALS

**WHEREAS**, the Cannatas reside in and own property located at 28 W 288 Judith Lane, West Chicago, Illinois;

**WHEREAS**, the Mallard Lake Landfill (the "Landfill") is located at 26 W. 580 Schick Road, Hanover Park, Illinois. The Landfill opened in 1975 and closed and stopped accepting waste in 1999;

**WHEREAS**, at all times since the Landfill opened in 1975, FPDDC has been the legal titleholder to the land upon which the Landfill sits;

**WHEREAS**, BFI is the current operator of the Landfill. The Landfill was previously operated by BFI's predecessors in interest, E&E Hauling, Inc. and Browning-Ferris Industries of Illinois, Inc.;

**WHEREAS**, on April 21, 2006, the Cannatas, individually and on behalf of a putative class, filed suit against FPDDC and BFI in the United States District Court for the Northern District of Illinois, Eastern Division, in an action styled <u>Tyanna Cannata, et al. v. Forest Preserve District of DuPage County</u>, Case No. 06 C 2196 (hereinafter, the "Lawsuit"). In the Lawsuit,

Plaintiffs are represented by The Collins Law Firm, P.C. and Varga Berger Ledsky Hayes & Casey, a Professional Corporation (collectively "Class Counsel");

**WHEREAS**, in their First Amended Complaint in the Lawsuit, the Cannatas have asserted claims against the Settling Defendants under federal law (CERCLA and RCRA) and common law (negligence, trespass, nuisance and willful and wanton misconduct). In their First Amended Complaint, the Cannatas alleged that certain chemicals, including vinyl chloride and cis-1,2-dichloroethene, were released at the Landfill and that such chemicals have migrated from the Landfill and into residential areas, including onto the Cannatas' property and other properties in the area;

**WHEREAS**, each of the Settling Defendants has filed an answer in the Lawsuit, denying that they caused the complained of contamination and denying wrongdoing or liability on any of the claims asserted against them in the Lawsuit;

**WHEREAS**, on October 11, 2006, the Court entered a Memorandum Opinion and Order (the "Certification Order") in the Lawsuit which certified, pursuant to Rules 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure, a class (collectively the "Certified Class") consisting of all persons and non-governmental entities that own property or reside on property located on the following streets in Wayne Township, DuPage County, Illinois: Judith Lane; Riviera Court; Diversey Avenue; Fair Oaks Road between Diversey Avenue to the South and Army Trail Road to the North; Army Trail Road between Gerber Road to the West and Fair Oaks Road to the East; Gerber Road between Army Trail Road to the South and Jacaranda Road to the North; and Jason Court. The foregoing area is hereinafter referred to as the "Certified Class Area;"

**WHEREAS**, following the entry of the Certification Order, a written "Notice of Pendency of Class Action," dated November 30, 2006 and approved by the Court in the Lawsuit

("the Notice"), was served on all potential members of the Certified Class. The Notice advised all members of the Certified Class of the entry of the Certification Order. The Notice also advised all members of the Certified Class of their right to opt out of the Certified Class and set forth the procedures that were to be followed by any person desiring to be excluded from the Certified Class. No persons to whom the Notice was directed exercised their right to be excluded from the Certified Class;

**WHEREAS**, the parties have agreed, for purposes of this settlement only, to broaden the Certified Class and the Certified Class Area to also include owners of the following properties on Wynn Avenue: 28 W 426, 28 W 427, 28 W 470, 28 W 475, 28 W 524, 28 W 537, 28 W 564, 28 W 575, 28 W 612 (collectively the "Additional Class Area"). The Certified Class Area and the Additional Class Area shall be collectively referred to hereinafter as the "Settlement Class Area." A list of the property addresses within the Settlement Class Area is attached hereto as Exhibit A, and the owners of the properties listed on Exhibit A are referred to hereinafter as the "Settlement Class" or "Settlement Class Members;"

**WHEREAS**, although the Settling Defendants deny any and all wrongdoing or liability whatsoever, they have concluded that it is in their best interests and the best interests of the Settlement Class to avoid protracted, time-consuming and costly furtherance of the Lawsuit and to settle the Lawsuit on the terms set forth herein; and

**WHEREAS**, based upon the uncertainty and expense involved in litigation, the parties hereto desire to settle the claims asserted in the Lawsuit, subject to court approval, on the terms and conditions set forth below;

**NOW THEREFORE**, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each party to the

other, **IT IS HEREBY STIPULATED AND AGREED**, by and between the Cannatas, individually and on behalf of all Settlement Class Members, and FPDDC and BFI, that the Lawsuit shall be compromised and settled, subject to court approval, on the terms and conditions set forth below.

## TERMS AND CONDITIONS

1. **Purpose of Settlement**. This Agreement shall not be construed by anyone as an admission of any liability of any kind by the Settling Defendants, which liability is expressly denied, and shall not be construed by anyone as an admission of any allegation made against either of them in the Lawsuit. This Agreement is being entered into by the Settling Defendants solely to settle and compromise any and all disputes within the scope of this Agreement between or among the Settling Defendants and the Settlement Class, as described more fully herein.

2. **Payment to the Class**. Within ten (10) business days of the Effective Date (as that term is defined below in Paragraph 10 of this Agreement), the Settling Defendants shall jointly pay the Settlement Class the total amount of Five Million Five Hundred Thousand Dollars ($5,500,000.00) (the "Settlement Funds"). The payment of the Settlement Funds shall be made by one or more wire transfers to a trust account designated by Class Counsel.

3. **Limited Release by the Class**. The Cannatas and each member of the Settlement Class, on their own behalf and on behalf of their predecessors, successors, heirs, estates, executors, administrators, trusts, trustees, beneficiaries, assigns, transferees, attorneys and representatives, hereby release, acquit and forever discharge FPDDC and BFI, and their past, present, and future officers, commissioners, elected and appointed officials, directors, agents, attorneys, employees, shareholders, prior operators of the Landfill, successors, predecessors, assignees, parents, divisions, subsidiaries, affiliates, sister corporations and insurers (collectively

the "Released Parties") from and against all claims, demands, damages, trespass or nuisance annoyance damages, obligations, controversies, suits, liabilities, attorneys' fees, expenses, RCRA injunctive remedies, any other injunctive remedies, CERCLA "response costs" and causes of actions at law or equity, whether or not known now, that in any way arise from or relate to environmental conditions or other conditions of any kind at the Landfill, at any other property owned by FPDDC, or in the Settlement Class Area and which were or could have been claimed in the Complaint in the Lawsuit, including but not limited to any property damage or diminution in property value in any way related to or based upon the presence in the Settlement Class Area of contaminants allegedly originating from the Landfill. This release provision does not, however, preclude or limit in any way the Cannatas or any Settlement Class Member from asserting individual claims against any of the Released Parties alleging sickness, disease or death caused by exposure to chemicals alleged to have been released from the Landfill or any other property owned by FPDDC, and does not preclude or limit in any way the Released Parties' defenses to any such preserved claims or allegations. Further, in the event the Settling Defendants or their contractors perform environmental investigation or remediation in the Settlement Class Area after the entry of the Preliminary Approval Order, this provision will not act as a release for any damage to real or personal property in the Settlement Class Area which is caused by such future investigation or remediation work. Nothing herein shall obligate either of the Settling Defendants to perform such environmental investigation or remediation.

4. **Notice to the Settlement Class**. Pursuant to Federal Rule of Civil Procedure 23, all members of the Settlement Class shall receive notice of this settlement. The parties agree that, under the circumstances of this case and its settlement, members of the Certified Class (who previously were afforded an opportunity to exclude themselves from this class action

proceeding) should not, under Federal Rule 23(e)(4), be afforded a second opportunity for exclusion, but rather should solely have the right to object to this settlement. The parties agree that owners of property in the Additional Class Area (who have not yet been afforded an opportunity to exclude themselves from this class action proceeding) should be afforded the right to either opt out from or object to this settlement. No later than thirty (30) days after the date upon which the Court enters the Preliminary Approval Order (as that term is defined in Paragraph 5 below), Class Counsel shall cause the Notice of Proposed Class Settlement (the "Settlement Notice," a copy of which is attached hereto as Exhibit B) to be delivered via US Mail to all property addresses within the Settlement Class Area. The parties agree that distribution of the Settlement Notice in this manner constitutes the best notice practicable under the circumstances to members of the Settlement Class, and complies fully with the provisions set forth in Federal Rule of Civil Procedure 23, and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law. The parties agree that the Settlement Notice sufficiently notifies the Settlement Class of the terms of the proposed settlement. The parties agree that the Settlement Notice sufficiently notifies owners of property in the Certified Class Area of their right to object to the settlement, and the deadlines and procedures to object to the settlement. Further, the parties also agree that the Settlement Notice sufficiently notifies owners of property in the Additional Class Area of their right to object to the settlement or to opt out of the settlement, and the deadlines and procedures to object to or opt out of the settlement.

5. **Necessary Court Approvals.** This Agreement is conditioned on 1) the entry of an order granting preliminary approval to the settlement substantially in the form as attached hereto as Exhibit C (the "Preliminary Approval Order"), and 2) the entry of an order granting

final approval to this settlement and providing for the dismissal of the Lawsuit with prejudice, substantially in the form attached hereto as Exhibit D (the "Final Approval Order").

6. **Notice to the Appropriate Federal and State Officials.** On or before February 20, 2009, each Settling Defendant will provide notice to the appropriate Federal and State officials as required by the Class Action Fairness Act. The notice to be provided is attached (without exhibits) as Exhibit E. The parties agree that this notice constitutes the best notice practicable under the circumstances, and fully complies with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715 and any other applicable law.

7. **Event of Non-Approval.** In the event that the Court denies preliminary or final approval of this Agreement, or holds that it will not enter 1) the Preliminary Approval Order in substantially the same form as Exhibit C to this Agreement, or 2) the Final Approval Order in substantially the same form as Exhibit D to this Agreement, or if the Final Approval Order is modified in any material respect or vacated on appeal, then this Agreement shall become null and void and the Lawsuit will continue.

8. **Distribution of the Settlement Funds.**

   A. **Attorneys' Fees and Expenses.** Subject to court approval, Class Counsel shall receive One Million Eight Hundred Thirty Three Thousand Dollars ($1,833,000.00), approximately one-third of the Settlement Funds, in attorneys' fees. In addition, subject to court approval, Class Counsel shall receive reimbursement in full for all costs and expenses they have to date reasonably incurred in connection with the Lawsuit and will reasonably incur in the future in connection with the implementation of this settlement. Class Counsel shall be entitled to these payments by deducting these amounts from the Settlement Funds upon receipt thereof.

The Settling Defendants shall not oppose Class Counsel's request for payment of attorneys' fees and costs and expenses in these amounts.

  B. **Class Representative Payment**. In consideration of their assumption and diligent performance of the duties and responsibilities of class representatives, and the extensive time and effort they expended in connection with the Lawsuit, the Cannatas shall receive Twenty-Five Thousand Dollars ($25,000.00) of the Settlement Funds. This class representative payment is in addition to the amount of compensation the Cannatas are entitled to receive as Settlement Class Members, as specified below in Paragraph 8(C) of this Agreement.

  C. **Payments to the Class**. The Settlement Class shall receive the balance of the Settlement Funds remaining following payment of 1) the attorneys' fees and expenses to Class Counsel pursuant to Paragraph 8(A) above and 2) the class representative payment pursuant to Paragraph 8(B) above (hereinafter, the "Class Payments"). The Class Payments shall be allocated amongst the Settlement Class as reflected on Exhibit F hereto. Class Counsel shall distribute the Class Payments to the Settlement Class promptly upon receipt of the Settlement Funds and, following completion of same, shall file a certificate with the Court in the Lawsuit attesting that the Class Payments have been distributed to the Settlement Class as provided for in this Agreement. The Settling Defendants have not participated in the preparation of the distribution methodology reflected on Exhibit F and shall have no liability or responsibility in regards to the methodology or the actual distribution of the Class Payments by Class Counsel.

  9. **Waiver of Appeal.** In the event that this Agreement receives final approval by the Court in the Lawsuit, the parties hereto waive any right to appeal from any of the orders entered in the Lawsuit, including the Certification Order, the Preliminary Approval Order or the Final Approval Order.

10. **Effective Date.** This Agreement shall become effective (the "Effective Date") thirty (30) days after the Court has entered the Final Approval Order. In the event that any person or entity contests the final approval of this Agreement, the Effective Date of this Agreement shall be the date following the entry of the Final Approval Order on which the time has expired within which to appeal the entry of the Final Approval Order without any appeal having been taken, or, if appeal is taken, the date on which such appeal shall have been fully determined (subject to no further appeal) by the highest court before which such appeal is sought or allowed, and such appeal shall have been resolved in such manner as to permit the consummation of the settlement effected by this Agreement in accordance with all of its terms and conditions.

11. **Limited Termination Option.** In the event that (1) the Settling Defendants and Bituminous Casualty Corporation do not reach a settlement related to this matter, or (2) the Settling Defendants do not reach an agreement with each other related to this matter, either of the Settling Defendants shall have the right, at their election, to terminate this Agreement and the settlement provided for herein, provided that the Settling Defendants exercise this termination option within seven (7) days of the entry of the Preliminary Approval Order. Any notice of such termination shall be in writing and delivered to Class Counsel no later than eight (8) days of the entry of the Preliminary Approval Order. The Settling Defendants' right to terminate this Agreement pursuant to this provision shall, unless exercised in conformance with this Paragraph 11, expire and be of no further legal effect on the eighth day following the entry of the Preliminary Approval Order.

12. **Choice of Law.** This Agreement shall be governed and interpreted according to the laws of the State of Illinois.

13. **Entire Agreement.** This Agreement represents the entire agreement between the parties and there are no terms, representations, agreements, understandings or covenants, oral or otherwise, that are not incorporated into this Agreement.

14. **Capacity and Authority.** All parties entering into this Agreement have the capacity and authority to do so, and no third party has any rights which could affect the validity or legality of this Agreement.

15. **Terms of Agreement Negotiated.** This Agreement has been negotiated and drafted by all parties and their representatives. The parties to this Agreement represent and warrant that they have read and understand this Agreement and have consulted with their respective counsel concerning its legal effect. No rule of construction shall apply to this Agreement construing its provisions in favor of or against any party.

16. **Execution in Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

17. **Representation by the Cannatas and Class Counsel.** The Cannatas and Class Counsel represent that, as of the date of this Agreement, they are not aware of any claim any individual could assert against any of the Released Parties concerning sickness, disease or death caused by exposure to chemicals alleged to have been released from the Landfill or any other property owned by FPDDC.

18. **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by all parties to this Agreement.

19. **Incorporation of Recitals.** The recital provisions set forth at the beginning of this Agreement are expressly incorporated into and as terms and conditions of this Agreement.

IN WITNESS WHEREOF, the parties have read and understood the terms and conditions of this Agreement, agree to be bound by all of its provisions, and have executed this Agreement on the date shown by their signatures below.

|  |  |
|---|---|
| */s/ Tyanna Cannata*<br>**TYANNA CANNATA**<br>Dated: February 9, 2009 | **FOREST PRESERVE DISTRICT OF DUPAGE COUNTY**<br><br>By: _____<br>Authorized Representative<br>Dated: February __, 2009 |
| */s/ Jeff Cannata*<br>**JEFF CANNATA**<br>Dated: February 9, 2009 | **BFI WASTE SYSTEMS OF NORTH AMERICA, LLC**<br><br>By: _____<br>Authorized Representative<br>Dated: February __, 2009 |

IN WITNESS WHEREOF, the parties have read and understood the terms and conditions of this Agreement, agree to be bound by all of its provisions, and have executed this Agreement on the date shown by their signatures below.

|  |  |
|---|---|
| _____<br>**TYANNA CANNATA**<br>Dated: February __, 2009 | **FOREST PRESERVE DISTRICT OF DUPAGE COUNTY**<br>By: _*signature*_____<br>    Authorized Representative<br>    Dated: February **10**, 2009 |
| _____<br>**JEFF CANNATA**<br>Dated: February __, 2009 | **BFI WASTE SYSTEMS OF NORTH AMERICA, LLC**<br>By: _____<br>    Authorized Representative<br>    Dated: February __, 2009 |

11

IN WITNESS WHEREOF, the parties have read and understood the terms and conditions of this Agreement, agree to be bound by all of its provisions, and have executed this Agreement on the date shown by their signatures below.

|  |  |
|---|---|
| _____<br>**TYANNA CANNATA**<br>Dated: February __, 2009 | **FOREST PRESERVE DISTRICT OF DUPAGE COUNTY**<br><br>By: _____<br>Authorized Representative<br>Dated: February __, 2009 |
| _____<br>**JEFF CANNATA**<br>Dated: February __, 2009 | **BFI WASTE SYSTEMS OF NORTH AMERICA, LLC**<br><br>By: *[signature]* _____<br>Authorized Representative<br>Dated: February 8, 2009 |

11