UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYANNA AND JEFF CANNATA, individually, and on behalf of all persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 06 C 2196 |
| -v- | ) ) | |
| FOREST PRESERVE DISTRICT OF DU PAGE COUNTY, a municipal corporation, and BFI WASTE SYSTEMS OF NORTH AMERICA, INC., a Delaware corporation, individually and as successor by merger to E & E Hauling, Inc. and Browning-Ferris Industries of Illinois, Inc., | ) ) ) ) ) ) ) ) | Judge William J. Hibbler |
| Defendants. | ) ) | |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT

**I.  INTRODUCTION**

The $5,500,000 settlement in this case is an outstanding result for the Settlement Class,[1] and easily meets the Rule 23 requirement that it be "fair, reasonable, and adequate." The adequacy of this settlement is perhaps best evidenced by the fact that **no objections** and **no opt outs** have been interposed by the Settlement Class, who have received a detailed summary of all of the settlement terms in the Settlement Notice. Accordingly, as this settlement has the universal support of the Settlement Class, Plaintiffs request that this Court grant final approval to this settlement and enter the Final Approval Order and Judgment of Dismissal.

---

[1] Capitalized terms used herein shall have the same meanings as the defined, capitalized terms used in the Settlement Agreement (Doc. 238) previously filed with this Court.

## II. OVERVIEW OF THE SETTLEMENT

After several years of highly contested litigation, an arms-length settlement of this case was reached on January 30, 2009 at a private mediation conducted by William Hartgering, a principal and founder of the Chicago office of JAMS. To settle the class claims in this case, the Defendants have agreed to pay $5,500,000 to the Settlement Class. The Settlement Class consists of the owners of 96 properties located within the geographic boundaries of the Settlement Class Area. Eighty-five of these Settlement Class properties were within the scope of the class certified by this Court by order dated October 11, 2006 (Doc. 73). Nine additional properties on Wynn Avenue in West Chicago, Illinois were added to the Settlement Class by agreement of the parties.

Under the settlement, members of the Settlement Class will receive substantial cash payments, averaging close to $30,000. The Settlement Agreement contains an exhibit (See, Doc. 238 at Exhibit F)[2] which specifies by property address how the settlement monies will be distributed to the Settlement Class. This distribution summary was provided to all members of the Settlement Class with the Settlement Notice.

Class Counsel is to receive one-third ($1,833,000) of the $5,500,000 settlement funds, plus reimbursement of all costs and expenses reasonably incurred in connection with the lawsuit. (See, Doc. 238 at ¶8(A)) The Class Representatives, Tyanna and Jeff Cannata, are to receive a single $25,000 payment in consideration of their assumption and diligent performance of the duties and responsibilities of Class Representatives. (See, Doc. 238 at ¶8(B) All of the material settlement terms were specified in a Settlement Notice (See, Doc. 238 at Exhibit C) sent to the Settlement Class following preliminary court approval of the settlement.

---

[2] The distribution exhibit was modified, with Court permission, on February 26, 2009. (See, Docs. 241 and 243)

## II. PRELIMINARY APPROVAL AND THE SETTLEMENT NOTICE

On February 13, 2009, this Court -- after reviewing the Settlement Agreement and discussing it with the parties in open court -- granted preliminary approval to the class settlement (see, Doc. 239) and entered the Preliminary Approval Order (see, Doc. 240). The Preliminary Approval Order specifically approved the content of the Settlement Notice, and established a deadline of March 14, 2009 for Class Counsel to mail the Settlement Notice to the Settlement Class. The Preliminary Approval Order established a deadline of April 15, 2009 for members of the Settlement Class to object or (if they own Wynn Avenue property) opt out of the class. Finally, the Court set a hearing for May 28, 2009 at 10:15 am to consider final approval of the settlement. All of this information was contained, in plain and understandable language, in the Settlement Notice approved by the Court.

Following the entry of the Preliminary Approval Order, Class Counsel on March 12, 2009 caused the Settlement Notice to be mailed to all properties within the Settlement Class Area, in full compliance with the Preliminary Approval Order. (See, Affidavit of Edward J. Manzke, Exhibit 1 hereto, at ¶ 3)

The Preliminary Approval Order deadline for members of the Settlement Class to either object to the settlement or (for the Wynn Avenue properties) to opt out of Settlement Class was April 15, 2009. However, no member of the Settlement Class has exercised his/her right to either object or opt out, well demonstrating that the Settlement Class fully supports this settlement.

### IV. THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND SHOULD BE APPROVED PURSUANT TO FEDERAL RULE 23(e)(1)

As this Court is well aware from its handling of this case, this lawsuit involved complex factual, scientific and legal issues. The technical issues in this case were disputed by the parties and their many experts. Defendants denied that they were the source of the contamination in the Class Area, and had experts prepared to support Defendants' position at trial. Accordingly, there is no assurance that had this case not settled Plaintiffs would have prevailed at the class-wide liability trial. Further, even if liability were established here, further protracted discovery and then trial proceedings may have been required before any member of the Settlement Class could recover damages. Thus, the $5,500,000 settlement is an outstanding result for the Settlement Class and warrants approval under Federal Rule 23.

The $5,500,000 settlement total is, on its face, a substantial sum of money. Every homeowner in the Class will receive a significant settlement payout (on average, just under $30,000). Every member of the Settlement Class who had previously paid to connect to a public water supply to avoid the subject groundwater contamination will receive a settlement payout well in excess of the out of pocket hook up expenses they incurred. Those members of the Settlement Class on private wells who have not yet been able to hook up to a public water supply will receive a settlement payout that is believed by Class Counsel to be sufficient to cover the expense of hooking up to a safe, public water supply. Moreover, all members of the Settlement Class, whether or not they ever utilized private wells, will receive settlement payouts attributed to property value loss. By any measure, the settlement benefits obtained in this case for the Settlement Class are fair, reasonable and adequate under Federal Rule 23.

The $25,000 Class Representative payment the Cannatas will receive is also fair and reasonable. The Cannatas were actively engaged in all aspects of this case; meeting with counsel before the case was filed; participating in discovery (they were both deposed and had their home tested under Federal Rule 34); frequently communicating with Class Counsel and many members of the Class; arranging for and participating in all meetings between Class Counsel and Class Members; and attending and actively participating in the all-day mediation that led to the settlement of this case. Without the Cannatas agreeing to step forward and advance their claims, no member of the Settlement Class would have obtained any recovery. Similar class representative payments have been approved in environmental class actions in this District (by Judge Leinenweber in the LeClercq and Mejdrech cases) and elsewhere (by Judge Marbley in the Bentley suit in the Southern District of Ohio). Again, all members of the Settlement Class were specifically informed in the Settlement Notice about the Class Representative payment; no objections have been interposed to this feature of the settlement.

### C. Class Counsel's Request for Attorneys' Fees and Expenses Should Be Approved

The Settlement Agreement provides, as is standard in these types of class cases, for payment of one-third of the settlement proceeds to Class Counsel, as well as full reimbursement of costs incurred by Class Counsel. The $5,500,000 settlement achieved for the Settlement Class by Class Counsel is an outstanding result that well justifies the one-third fee and full cost reimbursement. Awards of attorneys' fees in the amount of one-third the total settlement amount, with full cost reimbursement, have been approved in the LeClercq, Mejdrech, and Bentley cases, similar environmental class actions where the same attorneys who have acted as Class Counsel here also represented the plaintiffs. This Court has granted preliminary approval

to Class Counsel's request for fees and costs, and no member of the Settlement Class has objected.

The Court of Appeals for the Seventh Circuit has endorsed the percentage of the fund approach to awarding attorneys' fees from common funds created, such as class action settlement funds:

> When a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund, [citations omitted], in recognition of the fact that most suits for damages in this country are handled on the plaintiff's side on a contingent-fee basis. Gaskill v. Hess, 160 F.3d 361, 362 (7th Cir. 1998) (affirming an award of 38 percent of the fund as fees).

The fee percentage sought by Class Counsel here, one-third of the settlement proceeds, compares favorably with other class fee awards that have been granted in this District. For example, in In Re: Lithotripsy Antitrust Litigation, 2000 U.S. Dist. LEXIS 8143, *6-7 (N.D. Ill., June 12, 2000), Judge Guzman stated as follows:

> The 7th Circuit Court of Appeals, as well as a majority of other circuit courts, have approved the use of the percentage of the fund method to award attorneys' fees in class-action/common fund cases. Many courts in this district have utilized this method of establishing fees, and **33.3% of the fund plus expenses is well within the generally accepted range of the attorneys' fee awards in class-action antitrust lawsuits**. We have above pointed out the time and effort expended by the attorneys in this case as well as the difficulty of the questions involved. The attorneys in this case are experienced in class-action matters and have incurred a significant risk and significant expenses in agreeing to prosecute this case on a contingency basis. They are also entitled to a larger fee in compensation for the serious risks undertaken by them. (Emphasis supplied.)

See also, Henry v. Sears, Roebuck & Co., 1999 U.S. Dist. LEXIS 13831, *5 (J. Leinenweber, August 27, 1999) (granting approval of request for attorneys' fees and costs of $15,000,000,

where "the plaintiff's counsel expended over 10,000 hours and advanced over $290,000 in costs of litigation on a contingent basis and the risk of loss was very real").

As this Court is well aware, this case was legally, factually and technically complex. Class Counsel ably advanced the Class' interests at every juncture in the case, prevailing on class certification, motions to dismiss, Daubert motions and summary judgment motions. Given the quality of legal services provided, Class Counsel is entitled to attorneys' fees in the sought amount.

Moreover, Class Counsel here devoted well over 8,000 attorney hours to this case. (See, Manzke Affidavit, Exhibit 1 at ¶ 4) The one-third attorneys' fees award ($1,833,000) Class Counsel has requested does not even fully compensate Class Counsel for all the time they expended on this case, based on Class Counsel's current hourly billing rates. (Id.) Given the exceptional result achieved for the Settlement Class here, Class Counsel's fee request is reasonable and should be approved.

Finally, with respect to costs, Class Counsel has incurred $919,933.20 in costs and expenses to date, and based on experience administering other similar class settlements, anticipates incurring an additional $5,000 in implementing the settlement (including distributing settlement monies to the Settlement Class). (See, Exhibit 1 at ¶ 5) As this Court is well aware, this case involved numerous expensive environmental experts, millions of documents, numerous depositions, several notices to the Class, and a private mediation. (Id.) All of the costs Class Counsel incurred were reasonable. (Id.) Accordingly, Class Counsel requests an award of $924,933.20 in costs. The Settlement Notice specifically informed the Settlement Class that "costs well in excess of $900,000" were being sought by Class Counsel, yet no member of the

Settlement Class has interposed any objection to either the attorneys' fee or costs awards sought by Class Counsel.

## V. CONCLUSION

Plaintiffs and Class Counsel respectfully request that this Court approve the class settlement in this case, and enter the Final Approval Order and Judgment of Dismissal.

Dated: May 22, 2009

                                              TYANNA AND JEFF CANNATA

                                              By: s/ Michael D. Hayes
                                                   One of Plaintiffs' Attorneys

Shawn M. Collins
Edward J. Manzke
The Collins Law Firm, P.C.
1770 North Park Street
Suite 200
Naperville, Illinois 60563

Norman B. Berger
Michael D. Hayes
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604

## CERTIFICATE OF SERVICE

Michael D. Hayes, an attorney, certifies that a true and correct copy of the foregoing **Plaintiffs' Memorandum in Support of Final Approval of Class Settlement** was on May 22, 2009 served on all counsel of record as a result of the CM/ECF filing of this document.

s/ Michael D. Hayes

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYANNA AND JEFF CANNATA, individually, and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> -v- <br><br> FOREST PRESERVE DISTRICT OF DU PAGE COUNTY, a municipal corporation, and BFI WASTE SYSTEMS OF NORTH AMERICA, INC., a Delaware corporation, individually and as successor by merger to E & E Hauling, Inc. and Browning-Ferris Industries of Illinois, Inc., <br><br> Defendants. | Case No. 06 C 2196 <br><br> Judge William J. Hibbler |

## AFFIDAVIT OF EDWARD J. MANZKE

Edward J. Manzke, after duly being sworn on oath, deposes and states as follows:

1.    I am a partner in the Collins Law Firm, P.C. (the "Collins Firm"), a law firm located in Naperville, Illinois. My firm and the Chicago law firm Varga Berger Ledsky Hayes & Casey (the "Varga Berger Firm") are counsel of record to Plaintiffs and the certified class in the above-captioned action, *Tyanna and Jeff Cannata v. Forest Preserve District of DuPage County, et al.*, (Case No. 06 C 2196, United States District Court for the Northern District of Illinois, Eastern Division) (the "Lawsuit"). The Collins Firm and the Varga Berger Firm are collectively referred to below as "Class Counsel."

2.    I am submitting this Affidavit in support of Plaintiffs' Motion for Final Approval of Class Settlement filed in the Lawsuit. This Affidavit is based on my personal knowledge as

well as upon information assembled at my direction by personnel at the Collins Firm and the Varga Berger Firm.

3. After this Court on February 13, 2009 granted preliminary approval to the class settlement in this case, Class Counsel caused the Court-approved Notice of Proposed Settlement (the "Settlement Notice") to be mailed to all properties in the Settlement Class Area. This mailing was completed on March 12, 2009, within the time period required by the Preliminary Approval Order. To accomplish this mailing, personnel at The Collins Law Firm prepared and mailed the Settlement Notice to all properties on the list of Settlement Class Area properties maintained by Class Counsel. The mailing was addressed specifically to the name of the current Settlement Class property owner, per publicly available information. Additionally, to increase the likelihood the notice would be received by the actual property owner, the phrase "Or Current Owner" was used on each mailing. As of the preparation of this Affidavit, 96 Settlement Notices (all of them) had been mailed.

4. Class Counsel's representation of the Class in this case has been an enormous undertaking, in both hours and costs incurred, involving great risk to both firms appointed as Class Counsel. To date, Class Counsel have expended over 8,000 hours of attorney time (with likely many dozen additional hours remaining to implement the distribution of the settlement). Based upon Class Counsel's current hourly billing rates, the requested one-third attorneys' fee ($1,833,000) is significantly less than a fee based upon the total hours Class Counsel spent on the case. This complex case involved contested class certification proceedings, contested motions to dismiss, extensive fact and expert discovery, summary judgment, *Daubert* motion practice, and substantial efforts regarding preparation of the Final Pretrial Order and general trial preparation.

5. In addition to attorney hours, Class Counsel have to date incurred $919,933.20 in out of pocket expenses prosecuting this case. The costs incurred to date were commensurate with the complexity of the case. This case required: the retention of several expensive environmental experts to prepare initial and rebuttal reports and review and assist Class Counsel concerning the expert submissions of Defendants' ten experts; environmental testing; labeling, copying and organization of hundreds of thousands of documents; court reporter and transcript fees for numerous depositions; travel and other expenses relating to out of state discovery; on-line legal research fees; multiple notices to the Class; multiple Class meetings; and retention of a private mediator. All of the costs incurred to date by Class Counsel were reasonable. Further, based on experience administering other similar class settlements, Class Counsel anticipates incurring an additional $5,000 after final approval is granted implementing the settlement and distributing the settlement proceeds to members of the Settlement Class. These additional costs to be incurred include bank charges, check fees, postage and photocopying.

6. I believe that the settlement achieved in this case is an outstanding result for the Class and respectfully request its approval under Rule 23(e). I also believe that the one-third attorneys' fee award request, plus expense reimbursement in the amount of $919,933.20 plus $5,000 for additional costs (for a total cost award of $924,933.20), is appropriate and respectfully request such approval under Rule 23(e) and (h) and Rule 54(d)(2).

Dated: May 22, 2009

_____
EDWARD J. MANZKE

SUBSCRIBED and SWORN before me
this 22nd day of May, 2009.

_____
Notary Public

"OFFICIAL SEAL"
YVONNE S. BLACKWELL
Notary Public, State of Illinois
My Commission Expires June 17, 2010

3